LLOYD'S ADM'R.
&c.
*vs.*
McCAULEY'S
ADM'R.

14m 430
88 647

---

## Lloyd's adm'r &c. *vs.* McCauley's adm'r.

### ERROR TO LOUISVILLE CHANCERY COURT.

PET. EQ.

Case 27.

By the act of 1835 the marshal of the Louisville chancery court had power to serve process any where in the state. (3 *Stat. Law,* 157.) The 10th section of the same act allows him to appoint a bailiff, by warrant, "specially to execute any process named in the warrant." The Code does not take away the power of the marshal to appoint a bailiff, but it prescribes that in a case of service of process by any other than the officer to whom it is directed, "that his affidavit thereon shall be proof of service." This section applies to bailiffs appointed by the marshal of the Louisville chancery court.

2. It is necessary, (*Code of Practice, section* 108,) where process is against infants under 14 years old, that service be upon the infant and upon his father or guardian, *or if neither of them can be found then upon* the mother or any white person having the care or control of such infant, or with whom they may live.

LLOYD'S ADM'R.    3. The affidavit of the bailiff of the marshal of the Louisville chan-
     &c.             cery court showed a service by a bailiff, upon the infant and upon
     vs.             the mother, without showing that the father or guardian could
McCAULEY'S          not be found—it was held insufficient service, and a judgment
  ADM'R.            founded thereon erroneous and void.

This suit was brought to inforce a lien for the balance of purchase money alleged to be due for a tract of land in Jefferson county, sold by McCauley to Lloyd. Process issued, directed to the marshal of the Louisville chancery court, and was served by a special bailiff appointed for that purpose on all the parties in Nelson county, where they resided; his return was in the usual form, without any affidavit.

A guardian *ad litem* was appointed for the infants, and after their answer was filed in January, 1853, judgment was rendered in conformity with the prayer of the petition, and subjecting to sale so much of the land as would satisfy the debt, interest, and costs.

On the 21st May, 1853, the marshal sold the entire tract of land for $2,976, a sum exceeding the debt $500. It was bought by the widow of the intestate, and in a few days she sold it at an advance upon her bid to R. K. Summers, who was substituted in her stead as purchaser, and to whom the deed was made by order of court approving the sale on the 24th June, 1853, and the commissioner was allowed $43, commissions for making the sale.

In July following the representatives and heirs at law of Lloyd filed their petition against the purchaser, and other necessary parties, for a re-hearing and review of the case, and prayed that the decree be set aside. Various causes were assigned for a re-hearing, some appearing of record, and others alleged to exist outside of the record—the most prominent of which are: 1. That the defendants all lived in Nelson county, and were there when the bailiff executed the process, and that, as the marshal had no right thus to delegate his power to any one out of Jefferson county, they were not lawfully served with notice, and the bailiff's return was insufficient. 2. That John W.,

Louisa, and Fanny Lloyd, were infants under the age of fourteen years, there was no such service upon them as the law requires, and the decree as to them was void. 3. That the allowance to the marshal was illegal and oppressive, and the price obtained for the land was grossly inadequate in consequence of the fraudulent and illegal acts of the marshal and the purchaser.

The petition was answered, the material allegations denied, and proof taken. Before the hearing the bailiff was permitted to amend his return by filing an affidavit, in which he substantially states, "That on the 11th October, 1852, in Nelson county, at the residence of Fanny Lloyd, the administratrix of Williamson Lloyd, a defendant to this suit, and mother of the infants, in the presence of McCauley's administrator, and of said Fanny, he delivered to each of the infant defendants Louisa, John W., and Fanny M. Lloyd, as well as to said Fanny, a copy of the summons made out by the clerk, on the 25th September, 1852, and said suit and its object was then and there spoken of by McCauley's administrator to said Fanny, who understood it."

The chancellor, or final hearing, dismissed the petition, and from that judgment the representatives of Lloyd have appealed.

CATES & REED, for appellant—

Make the following points, and ask a reversal of the decree of the chancellor :

1. That no decree should have been rendered in the case for the sale of the land because there was no legal service of process upon the infant heirs of Lloyd. 2. The widow of Williamson Lloyd was a necessary party to the suit. 3. The court erred in dismissing the petition and refusing to open and re-hear the case. 4. In refusing the relief asked, or giving relief in some other form, as the sale was illegal.

In support of the first error assigned, it is argued that the Code of Practice makes certain modifications of the law governing the service of process in the Louisville chancery court, one of which is, that the

LLOYD'S ADM'R.
&c.
*vs.*
McCAULEY'S
ADM'R.

process shall be directed to the marshal, unless by special request it may be directed to the coroner, sheriff, or jailer of Jefferson county—*See Code of Practice, section* 677. Another modification is, that sales by the marshal shall be at the court house door of Jefferson county—*See Code of Practice, section* 709. And by section 711 a certain discretion is given to the marshal. The other powers of the marshal are derived from statutes anterior to the Code.

The ninth section of the act establishing this court, gives the marshal power to serve process throughout the state himself, or by deputy—See 3 *Statute Law,* 150. This provision is not modified by the Code; but in cases where process is served by a person appointed by an officer—which, if an authorized mode of service has not been pursued—the affidavit of such person shall be evidence of the time and manner of service—See *Code of Practice, section* 100. And where the defendant is an infant under the age of fourteen years, the service must be upon the *father* or *guardian,* if neither of them is found, upon his mother. In this case the affidavit does not show that any copy of the summons was delivered to the mother, or that she was the guardian, or that there was none.

The widow was a necessary party to the original suit, having an interest in the land which the chancellor was called upon to sell.

In support of the three last objections to the original decree. The proof shows unfairness in the sale, and a combination between the widow and another, and the sale was of more land than was necessary to pay the debt, and the fee allowed to the marshal was greatly more than the legal fee.

RILEY & MUIR, for appellees—

Argued, 1. That the act of 1835 authorizes the marshal of the Louisville chancery court to serve process anywhere in the state; and the 10th section of that act authorizes him to appoint a special bailiff to execute a particular process; and the requisitions of the

law have been complied with. The bailiff who executed the process, by permission of the court, amended his return—*Code of Practice, section* 102—showing the manner of the service which is conformable to the law.

2. The process was properly served upon the infants ; service upon the mother was proper—*section* 108—but it was not essential that it should be at the same time and place as service upon the infant. The original petition shows that the infants had no guardian ; and the amended return shows service on the mother and infants at the same time and place, by the delivery to each a copy of the process.

3. The defendants had ample time to answer; fifty-four instead of thirty days, which is the time allowed by law ; they were not illegally hastened.

4. The proof shows that no sale could be made of less than the whole tract. Though the whole could be sold for more than the decree, and that the interest of all was promoted by the sale as made.

5. The *Code of Practice, section* 710, authorizes the Louisville chancery court to direct specially sales of land to be made elsewhere than at the court house.

6. The allowance to the marshal is complained of as being two great ; if this be so, the correct mode to reach it is by a motion to correct the taxation of costs.

7. The answers and proof show that there was in fact no error in the sale by the marshal as to the part of the land sold. Though eight undivided ninths of the land was sold as if undivided at the time of the sale, and subject to a division afterwards, Lloyd's heirs are not injured thereby, as it is not shown that the ninth before laid off is more or less than a ninth in value, nor is it alleged that the setting off of the ninth is binding, and it may be again divided.

The proof shows that so far from being prejudiced by the conduct of Mrs. McCauley and Summers, the petitioners were in fact benefitted, and all fraud on their part is denied, and not proved.

LLOYD'S ADM'R.
&c.
*vs.*
MCCAULEY'S
ADM'R.

LLOYD'S ADM'R.
&c.
vs.
MCCAULEY'S
ADM'R.

The application for a re-hearing comes too late— *See Code of Practice, section* 95, which reads, "an application for a new trial, except for the causes mentioned in the seventh subdivision of section 381, shall be made within fifteen days after the decision is rendered." The 7th subdivision of section 381, reads: "Newly discovered evidence, material for the party applying, which he could not, with reasonable dilligence have produced at the trial." This ground should be sustained by proof—this has not been done.

September 21. Judge STITES delivered the opinion of the court.

In September, 1852, the administrator of William McCauley, deceased, filed his petition in the Louisville chancery court, against the administrators and adult and infant heirs of Williamson Lloyd, deceased, to inforce a lien for the payment of the balance of the purchase money alleged to be due for a tract of land in Jefferson county, sold by McCauley to Lloyd during their lives.

Process was issued thereon, directed to the marshal of said court, and was, by a special bailiff appointed for that purpose, executed on all the parties in Nelson county, where they resided. His return was in the usual form, and without any affidavit.

A guardian *ad litem* was appointed for the infants, and after his answer was filed, on the 21st January, 1853, a judgment was rendered in conformity with the petition, inforcing the lien, and subjecting to sale so much of the land as would suffice for the payment of the debt, interest, and costs.

The marshal, it seems, on the 21st May, 1853, sold the entire tract, under the decree, for $2,976—a sum exceeding the debt some $500. Mrs. McCauley, the widow of the intestate, bought it, and in a few days, for an advance upon her bid, she sold to R. K. Summers, who was substituted in her stead as purchaser, and to whom the deed was made by order of court approving the sale, on the 24th June, 1853. On the

return of the marshal's report he was allowed $43 95, as commission for making the sale.

On the 12th July following, the representatives and heirs at law of Lloyd, by their petition, to which the purchaser and other necessary parties were made defendants, asked for a re-hearing and review of the cause, and prayed that the decree and sale might be set aside. Various causes are assigned for a re-hearing, some apparent in the record, and others alleged to exist outside of it. The most prominent of which, as relied on by counsel in this court, are—1st. That the defendants all lived in Nelson county, and were there when the bailiff executed the process, and that, as the marshal had no right thus to delegate his power to any one out of Jefferson county, they were not lawfully served with notice, and the bailiff's return was insufficient. 2d. That John W., Louisa, and Fanny M. Lloyd were infants under the age of fourteen years, that there was no such service upon them as the law requires, and that, as to them, the decree is void. 3d. That the allowance to the marshal was illegal and oppressive, and that the price obtained for the land was grossly inadequate in consequence of the fraudulent and illegal acts of the marshal and purchaser.

This petition was answered, the material allegations denied by the defendants, and various depositions taken and read by the parties. Before the trial, Forman, the bailiff, was permitted to amend his return by filing an affidavit, in which he substantially states, "that on the 11th of October, 1852, in Nelson county, at the residence of Fanny Lloyd the administratrix of Williamson Lloyd, a defendant to the suit, and mother of the infants, in the presence of McCauley's administrator and of said Fanny, he delivered to each of the infant defendants, Louisa, John W., and Fanny M. Lloyd, as well as to said Fanny, a copy of the summons made out by the clerk on the 23d September, 1852, and said suit and its object was then and there spoken of by McCauley's administrator to

LLOYD'S ADM'R.
&c.
*vs.*
McCAULEY'S
ADM'R.

said Fanny, who understood it. The chancellor, on final hearing, dismissed the petition, and from that judgment the representatives and heirs of Lloyd have appealed.

The first questions for our consideration are whether the marshal had the right to appoint a bailiff to execute process in another county, and if so, is the return such as would authorize a procedure against the infants under the age of fourteen years, or other defendants, except the administratrix? The 9th section of the act of 1835, establishing the Louisville chancery court, (3 *Stat. Law*, 157,) authorizes the marshal to execute process "throughout the state;" and the 10th section of the same act permits him to appoint, by his warrant, a bailiff "specially to execute any precept named in said warrant." The *Code of Practice*, *sec*. 674, requires that the proceedings of said court shall conform to its provisions respecting actions by equitable proceedings, subject to the modifications contained in the 3*d chapter*, *title* 14. The powers conferred on the marshal by the act of 1835 are not taken from him, but *section* 100, *of the Code*, prescribes by whom process shall be served, and when served by any one appointed by the officer to whom it is directed, that his affidavit indorsed thereon "shall be proof of the time and manner of service." This section is not affected by any modification in the chapter above referred to, and must apply as well to bailiffs appointed by the marshal, as to other persons. If then an affidavit is requisite to make valid a return made by another than the officer to whom the process is directed, which is manifest, it cannot be dispensed with by a bailiff, and is necessary to verify the time and manner of service by him.

In this case the affidavit only embraces Mrs. Fanny Lloyd, and Louisa, John W., and Fanny M. Lloyd, the children under fourteen years of age, and the return as to the other defendants not named therein, (except Wiginton, who may be affected by the service upon his co-administrator,) is insufficient for

*Margin notes:*

1. By the act of 1835 the marshal of the Louisville chancery court had power to serve process any where in the state. (3 *Stat. Law*, 157.) The 10th section of the same act allows him to appoint a bailiff, by warrant, "specially to execute any process named in s'd warrant." The Code does not take away the power of the marshal to appoint a bailiff, but it prescribes that in a case of service of process by any other than the officer to whom it is directed, "that his affidavit thereon shall be proof of service." This section applies to bailiffs appointed by the marshal of the Louisville chancery court.

2. It is necessary, (*Code of Practice, section* 108,) where process is against infants under 14 years old,

want of the proper verification. But it is insufficient, in our opinion, as to the infants under the age of fourteen. *Section* 108, *of the "Code of Practice,"* prescribes that "where the defendant is an infant, under the age of fourteen years the service *must* be upon him, and upon his father or guardian, or, *if neither of these can be found, then* upon his mother, or any white person having the care or control of the infant, or with whom he lives."

The proof shows, that at the time of the attempted service, indeed after the decree was rendered, Louisa, Fanny M., and John W. Lloyd, were infants under fourteen years, and the return, as amended, only shows a service upon the mother and infants at the same time, without pretending to state that "the father or guardian" could not be found—the only contingency upon which a service on the mother is allowed. It is true, in this case, the death of the father appears from the pleadings, but there may have been a guardian, who was entitled to notice, and the contrary does not appear with sufficient certainty. We are not prepared to say whether such a return, if made by an officer under the obligation of an oath, with the presumption of a discharge of duty in his favor would be sufficient, nor is it now necessary; but when made by a mere agent of the officer, not acting under oath, in whose behalf no such presumptions arise, it is insufficient.

Under these views the judgment of the court below in directing a sale of the land is deemed void as to the infant and adult heirs of Williamson Lloyd, and as such, should have been set aside, together with the proceedings thereunder.

Where*fore*, said judgment is reversed, and cause remanded with directions to set aside the former judgment and sale thereunder, and for other proceedings consistent with this opinion.

LLOYD'S ADM'R. &c. *vs.* MCCAULEY'S ADM'R.

that service be upon the infant and upon his father or guardian, *or if neither of them can be found, then* upon the mother or any white person having the care or control of such infant, or with whom they may live.

3. The affidavit of the bailiff of the marshal of the Louisville chancery court showed a service by a bailiff, upon the infant and upon the mother, without showing that the father or guardian could not be found—it was held insufficient service, and a judgment founded thereon erroneous and void.